McFarland, J.,
delivered the opinion of the Court.
This is an action of covenant. The declaration is “that the plaintiff sues the defendant for $500 dam *664 ages for a breach of covenant in a deed of bargain and sale here to tbe Court shown, for a tract of fifty acres of land situated in Davidson county, and particularly described in said deed, * * * with a covenant in the deed, among other things, that said tract contained fifty acres of land, and said defendant did warrant that said tract of land did contain said quantity of fifty acres of land. The said defendant has broken his covenant in this, that said tract of land does not contain fifty acres of land, but, on the contrary, the same only contains 47 acres and 25 poles,” etc.
The defendant craved oyer of the deed, and it was read to him, and it is set forth in a demurrer. The ground of the démurrer in substance is that the deed contains no such covenant as the one set forth in the declaration. The deed is in ordinary form, purporting to convey a certain “tract of land bounded as follows, to wit, containing fifty acres, beginning,” etc.; setting forth the boundaries, giving the corners, and the course and direction of each line.
The deed contains the following covenants, and no other, to wit: “I am lawfully seized and possessed of said land, have a good- right to convey it, and that the same is unincumbered. And I do further covenant and agree, and bind myself, my heirs and representatives, to warrant and forever defend the title to the said land,” etc.
The only breach assigned is that the tract does not contain fifty acres. It is argued that this is a breach of the covenant of seizin. The covenant of *665 seizin is, that the bargainor is seized of the estate he purports to convey in the land described; that is, in this case it may be assumed to be a covenant that the ■bargainor is seized of the entire fee simple estate in the lands set forth by metes and bounds in the deed.
The declaration does not aver that he was not so seized; it does not aver that his title to any part of the land within these boundaries was bad.
The argument is, that the covenant that he was seized of this tract, the boundaries of which are set out by metes and bounds and called fifty acres, is a covenant that his boundary actually embraces fifty acres. We do not so understand it. It is true, in the case of Kincaid v. Brittain, 5 Sneed, it is'said that a covenant of seizin means that the bargainor had such a seizin in law, or such legal interest as will pass to the purchaser the quality and quantity of the interest in the estate -which he purports to sell and convey. Similar language was used in the case of Park v. Cheek, 4 Col. This has no reference to the quantity of the land, but has reference to the quantity and quality of the estate in the land; that is, a covenant that he is lawfully seized when he purports to convey the estate in fee, is broken if he is only seized of a life estate, or any estate less than a fee; or if he is only seized of an undivided interest.
This latter was the case in Kincaid v. Brittain; and in Bark v. Cheek, it was alleged as a breach of the covenant that the title was in another.
It is true that in this case the declaration avers that the defendant warranted the tract to contain fifty acres, *666 but the declaration purports to base the action .alone upon the covenants in the deed; and it must be maintained upon these' covenants, if at all, and when the deed is read, it is clear it contains no such covenant as is alleged to be broken.
It is not proper to discuss the question whether the plaintiff could have relief in equity upon the ground either that the land was purchased by the acre, or that there was a mistake in the quantity.
We do not understand that the statement in the deed, that the boundary of land set forth contains fifty acres, is a warranty that there are fifty acres.
It simply shows that the land is fully described. The boundary can be seen and estimated as well by one party as the other, and the statement means simply that it is estimated to contain fifty acres.
In cases of fraud or mistake, the party would have relief in equity.
The judgment sustaining the demurrer will be affirmed.